**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          Case No. 10-20077

RICHARD ZORN,

      Defendant.
                                 /

**ORDER DENYING DEFENDANT'S "MOTION TO SUPPRESS AND REQUEST FOR EVIDENTIARY HEARING"**

Before the court is Defendant's "Motion to Suppress and Request for Evidentiary Hearing," filed on April 2, 2010. On April 19, 2010, the Government responded, and Defendant replied on April 27, 2010. Having reviewed the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Defendant's motion.

## I. BACKGROUND

Defendant is charged with distribution, receipt, and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2), (a)(5)(B). The charges are based on evidence recovered during the execution of two search warrants; one for a search of Defendant's AOL account, and another for a search of Defendant's home and computer in Taylor Michigan. The search warrants were largely based on Corporal R. Johnson's affidavit. The pertinent portion of the AOL affidavit states:

> I received a complaint from NCMEC (National Center for Missing & Exploited Children) #708157 stating that an account utilizing America Online (AOL) was involved in an incident that contained Child Pornography (Possession, Manufacture, and Distribution) and was reported by Yahoo! Inc. The IP Address of 71.227.51.184 was provided by AOL along with an e-mail of LittleDommeGirl@aol.com and a user name of 'yourlittledommebitch". The IP address was resolved and belongs to a Comcast Account. The packet received from NCMEC contained seven photographs of what appeared to be pre-pubescent females. Of

> the seven photographs, four of the photographs contained pre-pubescent females involved in sexual acts with what appears to be adult males.
> *img.8.jpg—photo contains a pre-pubescent female being penetrated with what appears to be a male penis in the anal cavity.*
> *img.9.jpg—photo contains a pre-pubescent female being penetrated with what appears to be a male penis in the vagina.*
> *img.10.jpg—photo contains a pre-pubescent female being penetrated with what appears to be a male penis in the vagina.*
> *img.17.jpg—photo contains, what appears to be an adult male ejaculating on the vagina area of a pre-pubescent female.*
>
> On October 22, 2009, a subpoena was sent to Comcast to obtain Subscriber Information.
>
> On October 27, 2009, the subpoena was returned with the subscriber information for the requested IP address. The results showed that the account belonged to a Richard Zorn at [redacted] in Taylor, MI. A query of the above address was conducted via LEIN and showed that a Richard Allan Zorn W/M [redacted]956 was a resident of the Taylor address.
>
> On November 20, 2009, I received two additional NCMEC Complaints (747779 & 747780) that included video's that appeared to have child pornography. Both complaints had the AOL e-mail address of littledommegirl@aol.com. The e-mail address matched the original complaint involved with NCMEC Complaint #708157. Complaint #747779 contained a video (29805.11139.6362_1.avi) with a female that appeared to be under the age of 18 stripping her clothes off and begins to masturbating [sic] in the nude in front of what appears to be a web camera. Complaint #747780 contains a video (29805.11261.3950_1.mpeg) with the opening screen showing the text "pre-view R@Y Video" and a photo of a young female. The actual video is of a pre-pubescent female being rubbed in the vagina area with what appears to be an adult male hand and then an index finger is inserted into the vagina of the pre-pubescent female.

(Def.'s Mot. Br. Ex. 1.)

The pertinent portion of the Taylor residence affidavit contained the above-quoted passage with an additional description of what was produced during the execution of the AOL warrant:

> On December 4, 2009, I received a package from AOL with the information requested for the user names & e-mails of the subject. Upon review of the outgoing e-mail, the subject sent videos and pictures of what appeared to be child pornography from his home computer located at [redacted] in the city of Taylor, MI.

(Def.'s Mot. Br. Ex. 2.)

2

Warrants were issued based on both of these affidavits. Defendant presents two arguments in his motion: (1) the affidavits are insufficient to provide probable cause tying Defendant's username and password to the distribution, receipt, or possession of child pornography; and (2) the affidavits contain materially false statements about the age of the females in two videos. The court rejects both arguments.

## II. DISCUSSION

### A. Probable Cause

The Fourth Amendment requires search warrants be supported with a showing of probable cause. U.S. Const. amend. IV ("[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."). Probable cause exists "when there is a 'fair probability' . . . that contraband or evidence of a crime will be found in a particular place." *United States v. Helton*, 314 F.3d 812, 859 (6th Cir. 2003) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)). "In other words, a magistrate need only find 'reasonable grounds for belief' that evidence will be found in order to justify the issuance of a search warrant." *United States v. Thomas*, __ F.3d __, 2010 WL 1904908, *4 (6th Cir. May 13, 2010). Affidavits upon which probable cause is founded "must provide the magistrate with a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 239 (1983). "Search warrant affidavits are to be judged on the totality of the circumstances, not line-by-line scrutiny." *Thomas*, 2010 WL 1904908 at *4 (citing *Gates*, 462 U.S. at 239).

Defendant argues that the affidavits, grounded on the tip from Yahoo! relayed to law enforcement by NCMEC, were simply not sufficient to establish probable cause to believe that the email address and account were tied to child pornography. Defendant says that "there is no underlying factual information upon which to judge both the truthfulness of the complaint, and whether the 'involvement' merits a finding of probable

cause." (Def.'s Mot. 2.) Defendant offers this analogy: "It is as if [a] citizen went to the police with a kilogram of cocaine and said their neighbor was involved with the cocaine." (*Id.*) The court disagrees.

Regarding complaint #708157, the affidavit alleges that Yahoo! filed a complaint with NCMEC. The affidavit describes the nature of Yahoo!'s complaint: an account utilizing AOL was "involved in . . . Child Pornography (Possession, Manufacture, and Distribution)." As a result of the complaint, NCMEC received seven digital images, which were described by the affiant.[1] AOL provided the username and email address associated with the Yahoo! account, yourlittledommebitch, and littledommegirl@aol.com, respectively. AOL also provided the IP address used by the account, which was determined to be a Comcast account. Comcast, in response to a subpoena, informed the investigators that the account belonged to Defendant and it provided the address of the Taylor residence.

The information in the affidavit tying the email account and username to the illegal images is based on Yahoo!'s complaint and NCMEC's reporting of the complaint. Although Defendant argues that this tip and report are not sufficient to support probable cause, Defendant nonetheless admits that "Yahoo['s] reliability can be assumed" and that "NCMEC is undoubtably a reliable source." (Def.'s Mot. Br. 3.) It is somewhat difficult to understand how an affidavit based on knowledge gathered by informants who are "undoubtedly . . . reliable" fails to provide a factual basis contributing to probable cause. An affidavit based on personal knowledge by a reliable, named informant, who has provided reliable information in the past, can be sufficient to establish probable

---

[1] Defendant does not attempt to argue that the affidavit fails to establish probable cause that the images are child pornography. Indeed, the affiant's terse but powerful descriptions of the images are easily sufficient to establish probable cause to believe them to be child pornography. Nor does Defendant argue that there is insufficient probable cause tying the IP address to Defendant. This is an equally unsurprising position given that this information derives from the Comcast's response to a subpoena.

4

cause. *See United States v. Allen*, 211 F.3d 970, 971 (6th Cir. 2000). This affidavit, based largely on two reliable, named informants, Yahoo! and NCMEC, is sufficient to provide probable cause that the email address and account were tied to child pornography.

Even without Defendant's admission that the informants are reliable, the affidavit and information of which the judicial officer could have taken notice establishes probable cause based on the informants' tips. When reviewing affidavits based on hearsay from an informant, the judicial officer must consider the informant's reliability, veracity, and basis of knowledge during the totality-of-the-circumstances review. *Helton*, 314 F.3d at 820. The consideration is a "practical, commonsense decision." *Gates*, 262 U.S. at 238. "[W]hile an affidavit must state facts supporting an independent judicial determination that the informant is reliable, those facts need not take any particular form." *United States v. McCraven*, 401 F.3d 693, 697 (6th Cir. 2005). "In fact, independent corroboration of the tip by police is not required when the court is provided with assurances that the informant is reliable." *Thomas*, 2010 WL 1904908 at *5 (citing *Allen*, 211 F.3d at 976). "[I]f the prior track record of an informant adequately substantiates his credibility, other indicia of reliability are not necessarily required." *Helton*, 314 F.3d at 820 (quoting Smith, 182 F.3d at 483). "In such cases, the affiant need only attest 'with some detail' that the informant provided reliable information in the past." *Thomas*, 2010 WL 1904908 at *5.

The reliability and credibility of NCMEC is well established. According to federal law, the NCMEC is "a key component" of "programs which prevent or address offenses committed against vulnerable children and which support missing children's organizations." 42 U.S.C. §§ 5571(8)-(9). The NCMEC is a partner with "the Department of Justice, the Federal Bureau of Investigation, the United States Marshals Service, the Department of the Treasury, the Department of State, the Bureau of

Immigration and Customs Enforcement, the United States Secret Service, the United States Postal Inspection Service, and many other agencies in the effort to find missing children and prevent child victimization." § 5571(9). The NCMEC is linked with missing children clearinghouses "operated by the 50 States . . . as well as with international organizations, including Scotland Yard in the United Kingdom, the Royal Canadian Mounted Police, INTERPOL headquarters in Lyon, France [enabling it] to transmit images and information regarding missing and exploited children to law enforcement . . ." *Id.* The NCMEC receives federal grant money to, inter alia, "operate a cyber tipline to provide online users and electronic service providers an effective means of reporting Internet-related child sexual exploitation." § 5573(b)(2)(P). Moreover, state law enforcement agencies are required to maintain a "close liaison" with the NCMEC. Accordingly, federal law provides a judicial officer with a sound basis for concluding that the NCMEC is a reliable and credible source of information.

But, as Defendant points out, the NCMEC is a clearing house of information and does not investigate the accuracy of the complaints that it receives. *United States v. Lapsins*, 570 F.3d 758, 762 (6th Cir. 2009). So NCMEC's reliability and credibility only ensures that it would accurately pass on to law enforcement the complaints that it receives. Therefore, there must be some basis for believing Yahoo!'s tip that the email and user accounts were tied to child pornography; there is such a basis. The tip from Yahoo! concerns the usage of one of its own web pages, and Yahoo! has an inherently sufficient basis of knowledge to provide reliable information concerning such usage. Moreover, the tip contains self-verifying information. Namely, the email address and username support the conclusion of involvement with child pornography. The email address contains the words "little" and "girl," and the username contains the words "little" and "bitch." The combination of "little" with "girl," and the addition of a sexually

6

suggestive term such as "bitch" and "domme,"[2] supports a conclusion that the email address and account were involved with child pornography.

Finally, Yahoo! has a "prior track record of an informant adequately substantiates his credibility" sufficient to establish the tip as reliable to form the basis of probable cause. Although the affidavit does not contain statements concerning Yahoo!'s track record, a judicial officer may take judicial notice of Yahoo!'s track record while making the probable cause determination. "The Magistrate has the same right as a Court to take judicial notice." *United States v. Sevier*, 539 F.2d 599, 603 (6th Cir. 1976) (rejecting district court's reasoning that the magistrate judge erred in finding probable cause because the district court could not "assume that [judicial notice] was made [and] the Court must limit its inquiry to the documents before it"). A judicial officer could take judicial notice of Yahoo!'s track record because it is well established in court opinions and filings describing cyber-tips provided by Yahoo! which have led to the discovery of child pornography and the conviction of criminals. *See, e.g.*, *United States v. Vosburgh*, 602 F.3d 512 (3rd Cir. 2010); *Lapsins*, 570 F.3d 758; *United States v. Baker*, 538 F.3d 324 (6th Cir. 2008); *United States v. Eberle*, 266 F. App'x 200 (3rd Cir. 2008). Instances of reliable Yahoo! tips are sufficiently pervasive on court dockets as to constitute a matter of which judicial officers are aware; the legal theory that allows using this conclusion to uphold a finding of probable cause is judicial notice. The overall conclusion here—that tips from internet businesses like Yahoo! are reliable and may form the basis of probable cause—is consistent with Sixth Circuit precedent that relied

---

[2] Conventional dictionaries consulted by the court do not reveal a reference to the term "domme," but according to more than one online slang dictionary source, it is understood to be the "female dominant in a BDSM relationship (usually spelled as a proper noun, e.g. 'Domme', as is it's [sic] male counterpart, 'Dom')." *See* Urban Dictionary, http://www.urbandictionary.com/define.php?term=domme, (last visited May 25, 2010). "BDSM," in turn, is said by the same source to be "An overlapping abbrevation [sic] of Bondage and Discipline (BD), Dominance and Submission (DS), Sadism and Masochism (SM)." *See* Urban Dictionary, (http://www.urbandictionary.com/define.php?term=bdsm, last visited May 25, 2010).

7

on tips from AOL to support a finding of probable cause, *United States v. Terry*, 522 F.3d 645, 646-48 (6th Cir. 2008). The affidavit presented here provided a sufficient basis to support a "practical, commonsense decision" that probable cause may be based on Yahoo!'s tip.[3]

## B. *Franks* Claim[4]

Defendant also advances a *Franks* claim regarding the statements about the ages of the females in the two videos which form the bases of NCMEC complaints ##747779 and 747780. Defendant argues that the affiant's statements about the females' ages are false, and that the videos support this conclusion.

The affidavits underlying search warrant applications have a presumption of validity. But in *Franks v. Delaware*, the Supreme court held that a defendant may overcome that presumption in limited circumstances:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

438 U.S. 154, 155-56 (1978).

Applying *Franks*, the Sixth Circuit has held:

> [A] defendant is entitled to an evidentiary hearing on the veracity of the statements of the affiant in a warrant affidavit if and only if (1) there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false and (2) a finding of probable

---

[3] Defendant does not appear to challenge the reliability of the portion of the tip provided by Comcast and AOL. Any such argument would fail, because the arguments made above regarding Yahoo! would apply equally to tips provided by Comcast and AOL.

[4] *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

> cause would not be supported by the remaining content of the affidavit when the allegedly false material is set to one side.

*United States v. Campbell*, 878 F.2d 170, 171 (6th Cir.1989).

Defendant's *Franks* claim fails for at least two reasons. First, he cannot make a substantial showing of deliberate or reckless falsehood. Defendant alleges two misrepresentations. The first misrepresentation concerns NCMEC complaint #747779; the alleged misrepresentation is "[a female in a video] appeared to be under the age of 18." (Def.'s Mot. 5.) Defendant claims that this meets the *Franks* threshold because the female in the video was fully developed and "[w]hile it is possible she is under the age of 18, there is no reason to believe she is not over 18." (*Id.*) The second misrepresentation concerns NCMEC complaint #747780; the alleged misrepresentation is that this second "video *is of* a pre-pubescent female." (*Id.*) Defendant argues that this is a misrepresentation because the video is only of the female's vaginal area and the resolution is too poor to know whether the female is altered to appear prepubescent. (*Id.*)

Even assuming Defendant's proffer, he cannot show deliberate or reckless falsity. *Franks* requires a demonstration of moral culpability: either an intentional falsehood or a falsehood arising from a reckless disregard to the truth. *United States v. Palladino*, No. 92-4360, 1994 WL 369139, *3 (July 13, 1994). For example, in *Blackeney v. United States*, the Sixth Circuit held that an affiant's statement that he saw defendant's coconspirator put a garbage bag in a dumpster did not meet *Franks*' requirements even though the affiant did not actually *see* the coconspirator put the sack in the dumpster. No. 98-5021, 1999 WL 777404, *4 (Sept. 21, 1999). Instead of seeing the affiant put the sack in the dumpster, he saw the coconspirator go out of view with the sack and return without it. Afterward, the affiant found the sack in the only dumpster that the defendant could have reached when he was out of view. The affiant's statement that he saw the coconspirator put the sack in the dumpster was therefore

objectively false, but because the "false" statement's ultimate conclusion derived from an entirely logical inference from what the affiant saw, it did not meet *Franks*' requirement of *intentional or reckless disregard* for the truth. *Id.* Here, both of the alleged misrepresentations are equivalent to the challenged statements in *Blackeney*. The affiant's statement that the female described in the first statement "appears" under eighteen is an entirely logical inference from what even Defendant admits to be true—that the female is "possibl[y]" under eighteen. The affiant's statement that the female described in the second statement is "prepubescent" is also a logical inference from what Defendant admits to be true—there is no evidence of pubic hair around the female's vaginal area. Accordingly, Defendant's argument amounts to a claim that there is a deliberate or reckless falsity because the affiant failed to point out that his conclusions were not absolutely proven by the videos. This is insufficient to establish a deliberate or reckless disregard for the truth.

Next, Defendant cannot meet the second prong of *Franks*, because the affidavits contain sufficient evidence even without the two contested statements. If these statements are stricken, the affidavits still contain statements concerning four other photographs, unchallenged here, of prepubescent females, i.e., those from NCMEC complaint #708157. As discussed above, that portion of the affidavit is enough to establish probable cause without consideration of the alleged misstatements.

Because Defendant has failed to make a substantial preliminary showing that *Franks*' two prongs are met, the court will reject his *Franks* claim without a hearing.

### C. *Leon*[5]

Finally, even if the court were to accept Defendant's argument that the warrant was invalid, the court finds that the exclusionary rule would not suppress the evidence obtained. The Fourth Amendment exclusionary rule does not apply where law

---

[5]*United States v. Leon*, 468 U.S. 897 (1984).

enforcement acted in good faith and reasonably relied on an invalid search warrant. The issue is "whether a reasonably trained police officer would have known that the search was illegal despite the [issuing judge's] authorization." *United States v. Leon*, 468 U.S. 897, 922 n.4 (1984).

> To help reviewing courts properly answer this question, the Court identified four specific situations in which an officer's reliance on a subsequently invalidated warrant cannot be considered objectively reasonable: 1) when the warrant is issued on the basis of an affidavit that the affiant knows (or is reckless in not knowing) contains false information; 2) when the issuing magistrate abandons his neutral and detached role and serves as a rubber stamp for police activities; 3) when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable; and 4) when the warrant is so facially deficient that it cannot be reasonably presumed to be valid.

*Thomas*, 2010 WL 1904908 at *8. As discussed above, the court rejected Defendant's *Franks* claim so he cannot establish the first *Leon* exception. Furthermore, the affidavit is based on more than just alleged misrepresentations, so even assuming Defendant's *Franks* argument, the *Leon* exception would not apply because of the other portions of the affidavit that Defendant does not allege fall under *Franks*. Defendant submits no evidence suggesting the judicial officer acted as a rubber stamp. And, finally, the affidavit was based on tips from NCMEC and well-known internet companies, so it cannot be concluded that it is "lacking in indicia of probable cause" or "facially deficient." Accordingly, the officers here acted in good faith, and the exclusionary rule would not apply even if the search warrant was not supported by probable cause.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's "Motion to Suppress Evidence and Request for Evidentiary Hearing" [Dkt. # 12] is DENIED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: May 27, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 27, 2010, by electronic and/or ordinary mail.

                                          s/Lisa G. Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522