**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES,

    Plaintiff,

v.                                            Case No. 10-20077

RICHARD ALLAN ZORN,

    Defendant.
                                                  /

**OPINION AND ORDER RE-SENTENCING DEFENDANT**

The district court sentenced Defendant Richard Zorn to 151 months in prison. The court of appeals affirmed the sentence, but the Supreme Court vacated and remanded for further consideration in light of *Setser v. United States*, 132 S.Ct. 1463 (2012). At the direction of the district court, each party submits a supplemental sentencing paper; Defendant submits also an unauthorized reply. No hearing is needed. *See* E.D. Mich. LR 7.1(f)(2).

Defendant seeks, first, a federal sentence that proceeds concurrently with his state sentence, and, next, credit for his time in state jail in pre-sentence detention. Thus, at issue, in part, is the distinction between granting a defendant a concurrent sentence and awarding him credit for time served. It seems best to briefly explain this distinction before addressing the case at hand.

**I. BACKGROUND LAW**

United States Sentencing Guidelines ("U.S.S.G.") § 5G1.3 informs the sentencing of a defendant subject to imprisonment for another conviction. It has been

described as a set of "complex instructions about how to sentence where the offender . . . has previously been convicted of a crime for which he is 'subject to an undischarged term of imprisonment.'" *Setser*, 132 S.Ct. at 1476 (Breyer, J., dissenting) (quoting § 5G1.3). Basically, it helps a sentencing judge decide whether a new sentence should proceed either concurrent with or consecutive to other sentences.

Section 5G1.3(a) describes when sentences must be consecutive, § 5G1.3(b) when they must be concurrent, and § 5G1.3(c) when they may proceed either way. Sub-section (a) applies whenever the defendant commits an offense while imprisoned or before starting a term of imprisonment. Sub-section (b) applies in each other case in which the defendant's other sentence arose from conduct that is both "relevant" to, and the basis of an offense-level increase for, the newly sentenced offense. Sub-section (c) applies "in any other case involving an undischarged term of imprisonment[.]" Again, each sub-section addresses a situation in which a defendant faces a sentencing while subject to another undischarged sentence.

*Setser v. United States*, 132 S.Ct. 1463 (2012), involved a defendant who, when he attended his federal sentencing, faced also an imminent state sentencing. The district court stated that the defendant's federal sentence should proceed consecutive to one of the defendant's anticipated state sentences. *Setser* affirmed that the district court may impose a sentence consecutive to an expected sentence.

Under 18 U.S.C. § 3585(b), a defendant often receives credit for time "spent in official detention prior to the date [a] sentence commences[.]" *See Reno v. Koray*, 515 U.S. 50, 56 (1995). A defendant may receive credit if his pre-sentence detention

2

"has not been credited against another sentence." 18 U.S.C. § 3585(b). However, only the Attorney General, acting through the Bureau of Prisons, may credit time toward the satisfaction of a sentence. *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001); *see United States v. Wilson*, 503 U.S. 329 (1992).

So, while U.S.S.G. § 5G1.3 addresses how different sentences align, 18 U.S.C. § 3585(b) addresses whether pre-sentence detention counts toward the completion of a sentence. The district court imposes a sentence and, if necessary, determines whether a defendant's accumulated sentences run concurrently. The Bureau of Prisons calculates the time served under a sentence and, if necessary, credits time served in pre-sentence detention.

## II. FACTS AND DISCUSSION

After he was arrested for possessing thousands of photographs of child pornography, Defendant spent eight and a half months in state jail. He was then transferred to federal custody and charged with federal offenses, to which he pleaded guilty. He was charged also with state offenses. At his December, 2010, federal sentencing hearing, which occurred before his state sentencing, he asked, through counsel, to receive federal credit for the eight months in state jail. That is, his counsel said, "Your Honor, . . . this court could credit [Defendant] with eight months to effectively run it concurrent[.]" (Dkt. # 36 at 45.) Counsel sought, in the form of a "concurrent" sentence, "credit" for time served.

At first, the court responded to this amalgamation by addressing only the issue of a concurrent sentence, saying "I'm not aware of any authority I have to declare . . . that a sentence must run concurrently with a state sentence that has not been imposed

3

[yet]." (Dkt. # 36 at 45.) The balance of the discussion, however, involved the issue of awarding credit:

> Counsel: I understand . . , your Honor. But I think under [U.S.S.G. § 5G1.3], I think the court can adjust the sentence to give [Defendant] credit for the—
>
> The Court: Are you suggesting I should give him . . . what would it be, 151 minus eight?
>
> Counsel: Minus eight, yes, your Honor.
>
> The Court: So in other words, I should re-sentence him to 143 months?
> . . . .
> Counsel: Which I think the reasoning would be the same. It would just be giving him credit for I—I don't think it would change the—
>
> The Court: 151 is the correct sentence here. I understand your argument. I respectfully decline.

(Dkt. # 36 at 45-46.) On appeal, Defendant argued for a sentence reduction based on U.S.S.G. § 5G1.3(b); the court of appeals rejected Defendant's argument, 461 F.App'x 493, 496 (6th Cir. 2012); and, as mentioned earlier, the Supreme Court vacated and remanded for further consideration under *Setser*. After Defendant received his federal sentence, the state court sentenced Defendant to one and a half-to-twenty years in prison, declared that the sentence should run concurrently with the federal sentence, and granted Defendant credit for the eight and a half months he spent in state jail.

According to Defendant's supplemental brief, "the only issues" at present, on remand, are "whether Defendant['s] . . . sentence should . . . run concurrent to his state sentence and whether he should receive credit for the time spent in state custody[.]" (Dkt. # 46 at 2.) Defendant again requests credit for time served.

4

An elucidation by Judge Boggs, in *United States v. Brown*, 417 F.App'x 488 (6th 2011)—a decision Defendant quotes—seems useful at this point:

> The Bureau of Prisons has noted that this area of law is "probably the single most confusing and least understood federal sentencing issue." . . . [A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons (BOP) under 18 U.S.C. § 3585(b). However, courts are not powerless in this arena. [U.S.S.G. § 5G1.3(b)] not only authorizes a sentencing court to reduce a defendant's sentence for time served on related charges, but actually uses mandatory language. A sentence reduction under § 5G1.3(b) is called an adjustment. Federal courts have noted the confusion created by conflating the terms ["credit" and "adjustment"].

417 F.App'x at 493 (citations omitted); *see also United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001); *United States v. Chase*, 104 F.App'x 561, 562 (6th Cir. 2004); *United States v. Setser*, 607 F.3d 128, 132-33 (5th Cir. 2010). In this "most confusing" area, Defendant, by consistently seeking "credit" for time served, fails to state clearly what he wants or, just as important, how the district court should give him what he wants.

As *Brown* noted, the district court may adjust a sentence under § 5G1.3(b), which, Defendant says, without explanation, supports the eight-and-a-half-month reduction. Even if Defendant developed it, this argument would fail. Section 5G1.3(b) applies only if the conduct punished by the state sentence was "the basis for an increase in the offense level" for the federal sentence. Defendant received his state sentence for the manner in which he manipulated one of his pornographic photos. He received his federal sentence for possessing the 2,594 illegal pornographic photos found on his computer. If Defendant had possessed 2,593 illegal pornographic photos, he would have had the same offense level. *See Brown*, 417 F.App'x at 493-94. Section

5G1.3(b) is therefore inapplicable.  (Defendant raises U.S.S.G. § 5G1.3(c), but only in his unauthorized reply.)

That the request for an eight-and-a-half-month reduction is ambiguous and defective does not mean the 151-month federal sentence must run consecutive to the state sentence.  This court agrees with the state court that Defendant's sentences should proceed together.  Although it caused no increase in the offense level for the federal sentence, the conduct underlying the state sentence connects directly to the conduct underlying the federal sentence.  Defendant collected photos depicting sadistic cruelty, and a long imprisonment is warranted; but 151 months *is* a long imprisonment, especially for a defendant who did not himself commit an act of cruelty or violence.

### III.  CONCLUSION

IT IS ORDERED that Defendant will serve 151 months' imprisonment and ten years' supervised release, the sentence of imprisonment to run concurrently with Defendant's state sentence of one and a half-to-twenty years' imprisonment.  A separate judgment will issue.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  February 27, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 27, 2013, by electronic and/or ordinary mail.

  s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\10-20077.ZORN.Re-Sentence.ckb.wpd