UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD ALLEN ZORN,

    Defendant.
_____/

Case No. 2:10-cr-20077

Honorable Susan K. DeClercq
United States District Judge

## ORDER GRANTING IN PART THE GOVERNMENT'S EMERGENCY MOTION TO ISSUE ARREST WARRANT, ORDER DETENTION, AND REVOKE SUPERVISED RELEASE (ECF No. 66)

Defendant Richard Allen Zorn is currently on supervised release after pleading guilty and serving a term of imprisonment for possession, receipt, and distribution of child pornography. In April 2025, Zorn's probation officer filed a petition for issuance of a summons alleging that Zorn violated his supervised release conditions. ECF No. 58. Zorn was released on bond pending sentencing for his supervised release violation, which is scheduled for August 26, 2025. *See* ECF Nos. 62; 63; 65. On July 15, 2025, the Government filed a motion requesting that this Court issue an arrest warrant for Zorn, order him detained, revoke his bond, and ultimately revoke his supervised release. ECF No. 66.

The Government's request is based on information that came to light during a July 14, 2025, search of Zorn's residence. The search occurred after the probation

officer learned that Zorn created an unauthorized Instagram account and attempted to "friend request" a 17-year-old minor. *Id.* at PageID.436. During the search, agents found that Zorn's flip phone contained pornographic images. *Id.* Agents also found a smart phone—which was neither disclosed by Zorn nor approved by the probation department—with internet access, in violation of Zorn's supervised release conditions. *Id.* at PageID.436–37.

Under 18 U.S.C. § 3148(b), "[a] judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release." After the person is arrested, "[t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer":

> (1) finds that there is—
>
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
>
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

*Id.*

Accordingly, at this time, this Court may appropriately issue a warrant for Zorn's arrest. But this Court must reserve judgment on whether Zorn should be ordered detained and his bond revoked until a hearing is held. It is therefore **ORDERED** that the Government's Motion to Issue Arrest Warrant, Order Detention, and Revoke Supervised Release, ECF No. 66, is **GRANTED IN PART** to the extent that it requests an arrest warrant to be issued. A warrant for Zorn's arrest will issue.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 16, 2025